IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-37-BO

| | |
|---|---|
| MONROE R. PARKER, JR.,<br>Plaintiff,<br><br>v.<br><br>CERTIFIED PROFILE, LLC and CASTLE<br>BRANCH, INC.,<br>Defendants. | )<br>)<br>)<br>) **ORDER**<br>)<br>)<br>)<br>) |

This cause comes before the Court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, proceeding *pro se*, has responded, defendants have replied, and the matter is ripe for ruling. For the reasons discussed below, defendants' motion is granted and plaintiff's complaint is dismissed in its entirety.

## BACKGROUND

Plaintiff filed this action against defendants alleging he was dismissed as a student from the Chicago School of Professional Psychology – Online (Chicago School) after defendant Certified Profile[1] provided to the Chicago School a tainted and erroneous criminal background check regarding plaintiff. Plaintiff specifically alleges that Certified Profile disseminated to the Chicago School charges or arrests without disposition and falsely reported that plaintiff did not dispute the findings contained in its report. Plaintiff alleges that defendants' actions violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and seeks declaratory, monetary, and injunctive relief.

---

[1] Defendants contend that the background check was completed by CertifiedBackground.com, not Certified Profile, LLC. CertifiedBackground.com is a division of Castle Branch, Inc.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570. In deciding the instant motion, the Court has considered the materials attached to the complaint as well as the full background check referenced by the complaint and attached to the motion to dismiss without needing to convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 10(c); *Am. Chiropractic Assoc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

Plaintiff first alleges that defendants included in the criminal background check provided to the Chicago School "disseminated charges and or arrests without a disposition" in violation of federal law, specifically the Fair Credit Reporting Act (FCRA). The FCRA explicitly provides, however, that records of arrest and any other adverse items of information must be excluded from a consumer report *only* where the date of entry antedates the report by more than seven years. 15 U.S.C. §§ 1681c(a)(2); (5). Here, the background check bears a date of June 19, 2013. Those arrests specifically challenged by plaintiff and attached to his complaint include a record

2

of arrest for felony theft of a motor vehicle and bad checks in Sussex County, Delaware in 2009, which is plainly within the seven-year period. Further review of the background check reveals that the remaining records of arrest included also fall within the seven-year period. [DE 13-1]. Thus, plaintiff has failed to state a claim upon which relief could be granted under § 1681c(a).

Section 1681i(a) provides the basis for plaintiff's remaining allegation that defendants failed to respond to his dispute of information contained within the background check. In order to state a claim for violation of § 1681i(a), a plaintiff must allege that "(1) the consumer report in dispute contains inaccurate or incomplete information; (2) the plaintiff notified the [credit reporting agency or CRA] of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the CRA failed to respond or conduct a reasonable reinvestigation of the disputed items; and (5) the failure to reinvestigate caused the plaintiff to suffer out-of-pocket losses or intangible damages such as humiliation or mental distress." *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011) (internal quotations, alterations, and citation omitted); *see also Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) ("a consumer who brings a § 1681i failure to reinvestigate claim must first show that his 'credit file contains inaccurate or incomplete information.'").

Even construing plaintiff's *pro se* complaint liberally, plaintiff has failed to allege that any information in the background check conducted by defendants is inaccurate or incomplete. Nor has he clarified the basis for such allegation in his motion to strike, which the Court has also liberally construed as a response to defendants' motion to dismiss.[2] In his response, plaintiff notes that the Delaware charges were dismissed four years before defendants produced their report, but the fact that a charge was dismissed is not an allegation that the information regarding

---

[2] Insofar as plaintiff seeks to strike defendants' motion, he has provided the Court with no basis for doing so and his motion is therefore denied.

3

the charge is inaccurate, nor does it support plaintiff's § 1681c claim as reporting of an arrest or charge, even one that is ultimately dismissed, is proper under the FCRA so long as it is within seven years of the report.

Finally, in his response to the motion to dismiss, plaintiff contends that he has raised claims for relief not only under the FCRA but also under various civil rights statutes, regulations, and the constitution. Again, even liberally construing such argument as a request to amend his complaint to add additional claims, plaintiff has failed to provide the Court with anything more than conclusory statements devoid of factual support. Plaintiff lists several sections of the United States Code and the Code of Federal Regulations, many of which pertain to public housing and civil rights, but fails to provide any information regarding how any of his purported rights under such provisions have been violated or how defendants' actions could give rise to liability. Thus, plaintiff has failed to state a claim upon which relief can be granted under the FCRA or any other statutory or regulatory section cited.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint in its entirety [DE 12] is GRANTED and this action is DISMISSED with prejudice. Plaintiff's motion to strike [DE 15] is DENIED. The clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this 15 day of July, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE